**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DOUGLAS AVERY,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 12-166 Erie** |
| | ) | |
| **v.** | ) | **District Judge Fischer** |
| | ) | **Magistrate Judge Baxter** |
| **DEPARTMENT OF CORRECTIONS** | ) | |
| **SCI FOREST, et al.,** | ) | |
| **Defendants.** | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is respectfully recommended that this case be dismissed for Plaintiff's failure to prosecute.

**II.     REPORT**

**A.  Relevant Procedural History**

Plaintiff, an inmate incarcerated at the State Correctional Institution at Forest in Marienville Pennsylvania ("SCI-Forest"), filed this *pro se* civil rights action on July 25, 2012, against Defendants Department of Corrections SCI Forest and Burkhart.

On May 17, 2013, this Court held a status conference by telephone, at which both Plaintiff and Defendants' counsel were present and participated. During this status conference, the Court ordered that motions for summary judgment be filed by June 17, 2013 and that responses to summary judgment motions be filed by July 15, 2013. [ECF No. 17]. The

Defendants subsequently filed a motion for summary judgment on June 17, 2013 [ECF No. 18]. To date, no response to this motion has been filed by Plaintiff.

**B.** **Discussion**

**1.** ***Poulis* Analysis**

Under Rule 41(b), a district court may dismiss an action *sua sponte* due to a plaintiff's failure to prosecute the case. See Lopez v. Cousins, 2011 WL 2489897, at *1 (3d Cir. June 23, 2011). In order for a court to determine whether dismissal of a case is appropriate, the Third Circuit has set out a six-factor balancing test which requires consideration of: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). There is no "magic formula" for balancing the so-called *Poulis* factors, and not all of the six factors need to be satisfied in order to warrant dismissal. See Karpiel v. Ogg, Cordes, Murphy & Ignelzi, L.L.P., 405 Fed.Appx 592, 595 (3d Cir. 2010), citing Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) and Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). Applying the *Poulis* factors to the present matter, this Court recommends the dismissal of this matter.

During the pendency of any litigation, the parties are under a continuing obligation to comply with deadlines established by the Court. In a case filed *pro se*, this is solely the obligation of the Plaintiff, who bears full responsibility for any failure in the prosecution of his claims. See Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008) (a *pro se* plaintiff is

personally responsible for the progress of his case and compliance with a court's orders.).
Alternative sanctions, such as monetary penalties, are inappropriate as sanctions against indigent
*pro se* parties, such as Plaintiff.  See Emerson v. Thiel College, 296 F.3d 184, 191 (3d Cir.
2002).


**III**     **CONCLUSION**

        For the foregoing reasons, it is respectfully recommended that this case be dismissed for
Plaintiff's failure to prosecute.

        In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P.
72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written
objections to this report and recommendation.  Any party opposing the objections shall have
fourteen (14) days from the date of service of objections to respond thereto.  Failure to file
objections will waive the right to appeal.  Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir.
2011).


                                        /s/ Susan Paradise Baxter
                                        SUSAN PARADISE BAXTER
                                        United States Magistrate Judge

Date:   September 11, 2013

cc:     The Honorable Nora Barry Fischer
        United States District Judge